**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH PATTERSON, #579835,

       Petitioner,

                               Civil No: 2:08-CV-14399
                               Honorable Arthur J. Tarnow
                               Magistrate R. Steven Whalen

v.

BARRY DAVIS,

       Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S
MOTION FOR APPOINTMENT OF COUNSEL AND
HOLDING IN ABEYANCE THE PETITION FOR WRIT
<u>OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE</u>**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. §

2254.  Petitioner was convicted by a jury in Macomb County Circuit Court for open murder

and receiving and concealing stolen property.  He was sentenced to life imprisonment for

the murder conviction and 1 - 5 years' imprisonment for the stolen property offense.

      Pending before the Court is Petitioner's "Motion for Appointment of Counsel." The

Court will deny the motion without prejudice.

      Indigent habeas petitioners have no constitutional right to a court-appointed attorney.

*Murray  v. Giarratano*, 492 U.S. 1 (1989); see also,  *Lavado v. Keohane*, 992 F.2d 601,

604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an

evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules

*Patterson v. Davis,*
08-14399

Governing Section 2254 Cases.  In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances." *Lavado,* 992 F.2d at 604-06.  (internal quotation and citations omitted).

Petitioner's basis for seeking appointed counsel is as follows: (1) Petitioner recognizes that he has failed to exhaust several of his habeas claims and wants assistance in seeking a stay of proceedings and exhausting his claims; and (2) Petitioner's habeas claims are meritorious and legally complex.

The Court will treat Petitioner's request for counsel to return to state court to exhaust state remedies as a request to hold the petition in abeyance and administratively close the case.  That request is granted.

Respondent's answer which requested to dismiss for failure to exhaust state remedies is denied as moot.

What is required is the filing of a post-conviction motion for relief from judgment under Michigan Court Rue 6.500.  See *Mikko v. Davis,* 342 F.Supp.2d 643, 646 (E.D. Mich. 2004).  Petitioner can exhaust his claims by filing a motion for relief from judgment with the Macomb County Circuit Court under MCR 6.502.  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing, MCR. 6.505 - 6.507, 6.508(B) and (C). Therefore, the state trial court can appoint counsel to handle the proceedings that are scheduled to take place within it  jurisdiction.

*Patterson v. Davis,*
08-14399

**ORDER**

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's request for counsel without prejudice, and **STAYS** this action so that petitioner can fully exhaust state court remedies. The stay is conditioned on petitioner re-filing a habeas petition within 60 days after the conclusion of his appeal in the Michigan Supreme Court. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. #2] is **DENIED WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 12, 2009          United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3